IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TOMAS BORGES, Jr., on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GURSTEL LAW FIRM, P.C. f/k/a Gurstel Chargo, P.A. and CAVALRY SPV I, LLC,<br><br>Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT and JURY DEMAND** |

## I. INTRODUCTION

1. This is a consumer class action brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA" or "Act"), and the Nebraska Consumer Protection Act ("NCPA") Neb. Rev. Stat. § 59-1601 *et seq*. Plaintiff Tomas Borges, Jr., on behalf of himself and all persons similarly situated, seeks declaratory judgment, injunctive relief, and damages against Defendants GURSTEL LAW FIRM, P.C., f/k/a Gurstel Chargo, P.A. and CAVALRY SPV I, LLC for:

A. Serving *pro se* consumer defendants, like Mr. Borges, Jr. in collection actions pending in Nebraska County Courts with requests for admissions

which threaten, "… and to the extent that the statements or matters herein are not admitted, Plaintiff intends to proceed with an application for expenses and attorney's fees pursuant to Rule §6-337(c)."

B. Serving *pro se* consumer defendants, like Mr. Borges, Jr. in collection actions pending in Nebraska County Courts with requests for admissions which instruct, "<u>You are instructed that if you deny the truthfulness of any statements contained herein, for each said denial, specifically describe the reasons for said denial.</u>"

C. While threatening and misleading *pro se* consumer defendants with these demands, Defendants fail to advise *pro se* consumer defendants, like Mr. Borges, Jr. of the right to object to requests for admissions.

Defendants' actions set forth in A, B & C above are done in violation of 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), and 1692f.

## II.     JURISDICTION

2.     Subject matter jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337. Jurisdiction over the supplemental state law claim arises under 28 U.S.C. §1367.

3.     *In personam* jurisdiction exists and venue is proper as the Defendants regularly do business in this district. Plaintiff is a resident of this district and the

alleged violations occurred here. See 28 U.S.C. § 1391.

### III. PARTIES

4. Plaintiff Tomas Borges, Jr. ("Mr. Borges") erroneously described in Defendants' collection pleadings challenged herein as Tomas Borges Ortiz, is an adult individual residing in Omaha, Nebraska.

5. At all times material hereto, Mr. Borges, Jr. and each member of the class he seeks to represent is a "consumer" as that term is contemplated in §1692a(3) of the Act.

6. Defendant Gurstel Law Firm, P.C. ("Gurstel Law") is a law firm engaged in the business of collecting debts due or alleged to be due to others across the state of Nebraska, doing business from locations in Omaha, Nebraska, and is a "debt collector" as that term is contemplated in §1692a(6) of the Act.

7. Defendant CAVALRY SPV I, LLC is a debt buyer and asserts in the county court actions that it is the "Current Creditor" of the debt alleged against Tomas Borges, Jr. and others. CAVALRY SPV I, LLC is bound by the acts of Gurstel Law Firm, P.C. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 397 (1993).

### IV. FACTUAL ALLEGATIONS

8. Defendant CAVALRY SPV I, LLC through its attorney Defendant

Gurstel Law, P.C. filed a county court collection action in the County Court of Douglas County Nebraska, at Case No. CI 18-9171 against "Tomas Borges-Ortiz" on May 1, 2018. (Hereinafter, the "Debt"). Plaintiff was served with the county court collection complaint as if he were the proper person and owes the alleged debt.

9. The collection lawsuit was brought against Tomas Borges-Ortiz to recover an alleged debt incurred for personal, family, or household purposes.

10. On May 29, 2018 Mr. Borges, Jr. filed his *pro se* Answer to the county court lawsuit.

11. On or about May 30, 2018 Defendant Gurstel Law, P.C. served discovery consisting of Interrogatories, Requests for Admissions and Requests for Production of Documents in the name of Tomas Borges-Ortiz. A true and correct copy of the Requests for Admissions is attached hereto as Exhibit A.

12. The Requests for Admissions Exhibit A instruct that, "… and to the extent that the statements or matters herein are not admitted, Plaintiff intends to proceed with an application for expenses and attorney's fees pursuant to Rule §6-337(c). You are instructed that if you deny the truthfulness of any statements contained herein, for each said denial, specifically describe the reasons for said denial." (Underlining in the original.)

13. Defendant CAVALRY SPV I, LLC freely selected Defendant Gurstel Law Firm, P.C. as its' agent for the collection of the alleged debt in county court.

14. Both Defendants are entities who contributed to, participated in, authorized and/or implemented the policies regarding the acts complained of which caused injuries to the Plaintiff and the class. Each Defendant acted as principal and agent, each of the other, and combined and concurred each with the other in committing the acts complained of herein.

15. At all times relevant herein each Defendant was and is now the agent, servant, employee and/or representative of the other Defendant, and in doing the things herein alleged, was acting within the scope, purpose and authority of such agency, service, employment and/or other representative capacity with the permission, knowledge, consent and ratification of the other Defendant. Any reference hereinafter to "Defendants," without further qualification, is meant by Plaintiff to refer to each Defendant named above.

16. Neither Nebraska statutes nor rules of procedure allow for the use of this language in Defendants' Requests for Admissions.

17. Plaintiff Borges, Jr. was actually confused and misled by Exhibit A.

## V. DEFENDANTS' ROUTINE PRACTICES

18. It is and was the policy and practice of Defendants to file collection

lawsuits and serve unrepresented debtors with requests for admissions in the form of <u>Exhibit A</u> which include the challenged instructions.

## VI. <u>CLASS ALLEGATIONS</u>

<u>FDCPA Class</u>:

19. This action is brought on behalf of a class of similarly situated persons defined as the FDCPA class which includes: (i) all unrepresented Nebraska residents who were sued in a Nebraska County Court by Defendants; (ii) in an attempt to collect an alleged debt incurred for personal, family or household purposes; (iii) whom Defendants served with Requests for Admissions in the form of <u>Exhibit A</u> which instruct that, "… and to the extent that the statements or matters herein are not admitted, Plaintiff intends to proceed with an application for expenses and attorney's fees pursuant to Rule §6-337(c)." and/or "<u>You are instructed that if you deny the truthfulness of any statements contained herein, for each said denial, specifically describe the reasons for said denial.</u>"; (iv) during the one year period prior to the filing of the complaint in this matter.

<u>NCPA Class</u>:

20. This action is brought on behalf of a class of similarly situated persons defined as the NCPA class which includes: (i) all unrepresented Nebraska residents who were sued in a Nebraska County Court by Defendants; (ii) in an attempt to

collect an alleged debt incurred for personal, family or household purposes; (iii) whom Defendants served with Requests for Admissions in the form of <u>Exhibit A</u> which instruct that, "… and to the extent that the statements or matters herein are not admitted, Plaintiff intends to proceed with an application for expenses and attorney's fees pursuant to Rule §6-337(c)." and/or "<u>You are instructed that if you deny the truthfulness of any statements contained herein, for each said denial, specifically describe the reasons for said denial.</u>"; (iv) during the four year period prior to the filing of the complaint in this matter.

21. There are questions of law and fact common to the class, which common questions predominate over any issues involving only individual class members. The principal question is whether Defendants' Requests for Admissions violate 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), and 1692f.

22. Plaintiff's claims are typical of the class members. All are based on the same facts and legal theories.

23. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in class actions and debt collection abuse cases.

24. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Individual cases are not economically

feasible.

25. Certification of the Classes under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that:

    (a) The questions of law or fact common to the members of the Classes predominate over any questions affecting only individual members; and

    (b) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

26. Certification of a class pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate. Defendants acted in a uniform manner toward the class thereby making injunctive and declaratory relief appropriate.

27. Plaintiff requests the Court to certify a hybrid class or classes combining the elements of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

### VII. CAUSES OF ACTION

#### COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

28. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

29. Defendants' challenged template/form discovery in the form of

<u>Exhibit A</u> falsely states the requirements of Nebraska County Court and mislead unsophisticated consumers in violation of 15 U.S.C. § 1692e, § 1692e(5), § 1692e(10) and § 1692f.

WHEREFORE, Plaintiff Tomas Borges, Jr., requests that judgment be entered for himself and the class he seeks to represent against Defendants Gurstel Law, P.C. and CAVARLY SPV I, LLC for:

    A.    Certification of this action to proceed as a class action;

    B.    Damages to the Plaintiff and the class, pursuant to 15 U.S.C. §1692k(a)(2)(B);

    C.    Entry of a Declaratory Judgment finding that the practices challenged herein violate the FDCPA;

    D.    Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k(a)(3); and

    E.    Such other and further relief as the Court deems just and equitable.

## COUNT II - NEBRASKA CONSUMER PROTECTION ACT

30. Plaintiff incorporates by reference the allegations contained above as if the same were here set forth at length.

31. Defendants are both a "Person" engaged in "Trade or Commerce" as

those terms are contemplated in the Consumer Protection Act, Neb. Rev. Stat. § 59-1601.

32. Serving Requests for Admissions similar to <u>Exhibit A</u> or which fail to comply with the Nebraska Discovery Rules on an unrepresented consumer defendant after a lawsuit to collect the alleged debt has been filed constitute unfair or deceptive acts or practices in violation of Neb. Rev. Stat. §59-1602. The collection of any amounts as a result of said acts also constitute unfair or deceptive acts or practices, in violation of Neb. Rev. Stat. §59-1602.

33. These violations cause financial injury to the Plaintiff and the Class and bringing this claim is in the public interest.

WHEREFORE, Plaintiff Tomas Borges, Jr., requests that judgment be entered for himself and the class he seeks to represent against Defendants Gurstel Law, P.C. and CAVARLY SPV I, LLC for:

    A.    Certification of this action to proceed as a class action;

    B.    Damages for the Plaintiff and each class member, pursuant to Neb. Rev. Stat. § 59-1609;

    C.    Injunctive Relief;

    D.    Costs and reasonable attorneys' fees pursuant to Neb. Rev. Stat. § 59-1609; and

E. Such other and further relief as the Court shall allow, pursuant to Neb. Rev. Stat. § 59-1609.

## VIII. **JURY DEMAND**

Plaintiff Tomas Borges, Jr., hereby demands trial by jury of all claims so triable in Omaha, Nebraska.

Dated this 18th day of July, 2018

Exhibits attached hereto:

        Tomas Borges, Jr., on behalf of himself and all others similarly situated, Plaintiff,

By: */s/ Pamela A. Car*
Pamela A. Car, #18770
William L. Reinbrecht, #20138
Car & Reinbrecht, P.C., LLO
2120 S. 72nd Street, Suite 1125
Omaha, NE 68124
1 (402) 391-8484
Fax: 1 (402) 391-1103
E-mail: pacar@cox.net

O. Randolph Bragg
HORWITZ, HORWITZ & ASSOC.
25 East Washington St., Suite 900
Chicago, IL 60602
(312) 372-8822
(312) 372-1673 (FAX)
E-mail: rand@horwitzlaw.com
**ATTORNEYS FOR PLAINTIFF AND THE PUTATIVE CLASS**