## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **TOMAS BORGES, JR., on behalf of himself and all others similarly situated;**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**GURSTEL LAW FIRM, PC, and CAVALRY SPV I, LLC,**<br><br>**Defendants.** | **8:18CV344**<br><br>**FINAL ORDER AND JUDGMENT** |

This matter is before the Court on the Unopposed Motion for Attorney Fees and Approval of Plaintiff's Incentive Award, ECF No. 27, and the Joint Motion to Certify Class for Final Approval of Class Action Settlement, ECF No. 30. On March 28, 2019, the Parties appeared for a Final Fairness Hearing on the proposed class action settlement. No class members appeared or have otherwise objected to the settlement. For the reasons stated, the Court concludes the Motions should be granted.

### BACKGROUND

In December 2018, Plaintiff and Defendant entered into a Class Action Settlement Agreement (the "Agreement"),[1] which is subject to review under Fed. R. Civ. P. 23. On December 21, 2018, the Parties filed the Agreement, ECF No. 25-1, together with their Joint Motion for Preliminary Approval of Class Action Settlement Agreement (the "Preliminary Approval Motion"), ECF No. 23. The Parties represent to the Court that on

---

[1] Unless otherwise stated, all capitalized terms in this Order have the meanings defined in the Agreement.

or about December 27, 2018, within ten days of filing the proposed settlement with the Court, Defendant complied with the notice requirements of 28 U.S.C. § 1715.

On January 10, 2019, the Court granted the Preliminary Approval Motion and entered its Order Certifying Class and Granting Preliminary Approval of Settlement (the "Preliminary Approval Order"), ECF No. 26. Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily certified (for settlement purposes only) a class of Plaintiff (hereinafter referred to as the "Class Members") with respect to the claims asserted in this action ("the Lawsuit"); (ii) preliminarily approved the proposed settlement; (iii) appointed Plaintiff Tomas Borges, Jr., as the Class Representative; (iv) appointed O. Randolph Bragg, and Pamela A, Car, and William L. Reinbrecht as Class Counsel for the Class Members; and (v) set the date and time of the Final Fairness Hearing.

On January 25, 2019, Plaintiff filed an Unopposed Motion for Attorney Fees and Approval of Plaintiff's Incentive Award (the "Motion for Attorney Fees"), ECF No. 27. Plaintiff included a brief and time records for the fees incurred in pursuing the Lawsuit. Plaintiff requested $12,000 in fees and costs and $3,500 as an incentive award for the class representative. Defendant agreed to these amounts, as described in the Agreement.

On March 18, 2019, the Parties filed their Joint Motion for Final Approval of Class Action Settlement (the "Final Approval Motion"). On March 28, 2019, the Parties appeared for the Final Fairness Hearing pursuant to Fed. R. Civ. P. 23 to determine whether the Lawsuit satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be fully and finally approved by the Court. The Court

took judicial notice of the evidence in the record, including the Parties' representation that class members were notified according to the Court's Preliminary Approval Order.

No class members appeared at the hearing and no class members otherwise objected to the settlement, as required by the Preliminary Approval Order. Counsel for Plaintiff introduced Exhibit 1, stating that of the 701 identified class members, 699 received notice of the settlement. The Class Administrator was unable to identify two of the potential class members. The Parties have requested final certification of the Settlement Class under Fed. R. Civ. P. 23(b)(3) and final approval of the proposed class action settlement and approval of attorney fees and costs.

## DISCUSSION

### I. Fairness of the Proposed Settlement

Under Rule 23(e)(1)(C) a proposed settlement must be fair, reasonable, and adequate in the way the Proposed Settlement addresses the interests of all those who will be affected by it. To determine whether the settlement is fair, reasonable, and adequate, the Court must consider (i) the merits of the plaintiff's case, weighed against the terms of the settlement; (ii) the defendant's financial condition; (iii) the complexity and expense of further litigation; and (iv) the amount of opposition to the settlement. *Prof'l Firefighters Ass'n of Omaha, Local 385 v. Zalewski*, 678 F.3d 640, 648 (8th Cir. 2012). The Eighth Circuit has stated:

> A strong public policy favors agreements, and courts should approach them with a presumption in their favor. Although a trial court must consider the terms of a class action settlement to the extent necessary to protect the interests of the class, judges should not substitute their own judgment as to optimal settlement terms for the judgment of the litigants and their counsel.

*Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1148-49 (8th Cir. 1999) (internal marks and citations omitted).

All the factors the Court must consider weigh in favor of granting final approval. The Court has considered the law, the Agreement, and all arguments and written submissions made in connection with the matter. No objections or comments by settlement class members were received, and no class members appeared at the fairness hearing. Based upon the factors it must consider, the Court concludes the settlement is fair, reasonable, and adequate.

**II. Motion for Attorney Fees and Incentive Award**

Plaintiff seeks a total award of $12,000.00 for attorney fees and costs, as permitted by 15 U.S.C. § 1692k(a)(3) and by the express terms of the Agreement. The Court has conducted as lodestar analysis of the fees requested, *see Hensley v. Eckerhart,* 461 U.S. 424, 430, 433 (1983), and concludes that the requested fees and costs are reasonable. The negotiated reduction in total fees addresses any concern about work that was unnecessary or duplicative. The Court concludes that the unopposed Motion for Attorney Fees should be granted.

Plaintiff requests an incentive award, in the amount of $3,500, to be paid in accordance with the Agreement. The Court finds the incentive award to be fair and reasonable considering the time and effort Plaintiff devoted to the prosecution of this litigation on behalf of the settlement class members.

**CONCLUSION**

For the reasons stated, the Court concludes the settlement is fair, reasonable, and adequate and that Plaintiff is entitled to fees, costs, and an incentive award, as contemplated by the Agreement. Accordingly,

IT IS ORDERED:

1.    The Joint Motion to Certify Class for Final Approval of Class Action Settlement, ECF No. 30, and Unopposed Motion for Attorney Fees and Approval of Plaintiffs' Incentive Award, ECF No. 27, are granted as stated below.

2.    CLASS MEMBERS.  Pursuant to Fed. R. Civ. P. 23(b)(3), the Lawsuit is hereby finally certified as a class action on behalf of all individuals in the State of Nebraska to whom during the period from July 18, 2014, through January 10, 2019, Defendant sent Requests for Admissions which instructed " ... and to the extent that the statements or matters herein are not admitted, Plaintiff intends to proceed with an application for expenses and attorney's fees pursuant to Rule §6-337(c)" and/or "You are instructed that if you deny the truthfulness of any statements contained herein, for each said denial, specifically describe the reasons for said denial."  The Court also finally certifies a sub-class ("the FDCPA sub-class") consisting of all members of the Class to whom Requests for Admissions containing such instructions were sent during the period from July 18, 2017, through January 10, 2019. Excluded from the Class are:

a.    any person who is already subject to an existing signed release that covers the claims raised in this lawsuit against Gurstel Law Firm, P.C.;

b.    any person who is deceased as of the date of preliminary certification;

c.    any person who has filed for bankruptcy protection under Title 11 of the United States Code on or after the start of the class period; and

d.    any class member who timely mails a request for exclusion.

3.    CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT. Pursuant to Fed. R. Civ. P. 23, the Court finally certifies Plaintiff Tomas Borges, Jr., as the Class Representative and O. Randolph Bragg, Pamela A. Car, and William L.

Reinbrecht as Class Counsel for the Class Members.

4.     NOTICES AND CLAIM FORMS.   Class action notices and claim forms were mailed to all the Class Members. The form and method for notifying the Class Members of the settlement and its terms and conditions satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. The Court finds that the proposed notice was clearly designed to advise the Class Members of their rights.

5.     FINAL CLASS CERTIFICATION.   The Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

a.     the Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

b.     there are questions of law and fact common to the Class Members, which predominate over any individual questions;

c.     the claims of the Plaintiff are typical of the claims of the Class Members;

d.     the Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all the Class Members; and

e.     Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

6.     The settlement of the Lawsuit, on the terms and conditions set forth in the Agreement and as set forth below, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits

to the Class Members; the strength of the Plaintiff's alleged claims; the strength of Defendant's alleged defenses; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the Class; the limited amount of any potential total recovery for the Class; and the fact that Defendant is paying to the FDCPA Sub-Class the maximum statutory damages allowed by law.

7.    <u>SETTLEMENT TERMS</u>. The Agreement, which is on file in this case shall be deemed incorporated herein, and the proposed settlement set forth in the Agreement is finally approved and shall be consummated in accordance with the terms and provisions thereof, and consistent with Exhibit 1 submitted at the hearing, except as amended by any order issued by this Court. The material terms of the Settlement include, but are not limited to, the following:

a.    Defendant shall pay Plaintiff $2,000 in statutory damages.

b.    Defendant shall pay Plaintiff an additional $1,500 in compensation for his service as Class Representative;

c.    Defendant shall pay $20.00 to each member of the Class who has not been excluded.

d.    Defendant shall pay an additional $20.00 to each member of the FDCPA Sub-Class who has not been excluded.

e.    Defendant shall pay Class Counsel a total of $12,000.00 in attorney fees, costs, and expenses, which the Court finds to be a reasonable fee in relation to the work expended.

11.    <u>OBJECTIONS AND EXCLUSIONS</u>. The Class Members were given a fair

and reasonable opportunity to object to the settlement. No Class Member objected to the settlement. Any Class Members who made valid and timely requests for exclusion would have been excluded from the class and settlement and not bound by this Order; however there are no such persons.

12. This order is binding on all Class Members, except those individuals who validly and timely excluded themselves from the Class.

13. RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT. The individual and class Releases set forth in the Agreement are hereby approved and given full force and effect. Pursuant to the release contained in the Agreement, the Released Claims are compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this Order.

14. The dismissal of Cavalry SPV I, LLC set forth in the Preliminary Approval Order is hereby modified, and such dismissal shall be with prejudice as to both Plaintiff and the Class.

15. Plaintiff, the Class Members, and all their heirs, executors, administrators, successors, assigns, and any person or entity acting for, on behalf of, or for the benefit of any such persons are hereby permanently enjoined from suing upon, pursuing, or demanding any legal or equitable relief for any of the Released Claims, save and except for the compensation set forth above.

16. With the exception of the foregoing injunction, all other claims in this Lawsuit are hereby dismissed, with prejudice. This Court retains jurisdiction until all matters pertaining to the settlement are concluded.

17. The class administrator is authorized to make payments to Class Members

in accordance with the Settlement Agreement.

18.     This Order, the Agreement, and the existence and nature of the Settlement are not, and shall not be construed as, an admission by Defendant of any liability or wrongdoing in this or in any other proceeding.

19.     The Clerk of Court is directed to terminate this case for statistical purposes.


Dated this 28th day of March 2019.

                                        BY THE COURT:

                                        s/Laurie Smith Camp
                                        Senior United States District Judge